UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DEREK BLANTON,
                    Petitioner,           :        12 Civ. 844 (DAB) (GWG)

        -v.-                              :
                                                   REPORT AND RECOMMENDATION
CITY OF NEW YORK, 7th PRECINCT N.Y.P.D., :
9th PRECINCT N.Y.P.D., and SERGIO'S
HAIR STUDIO,                              :

                    Respondent.           :

------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Derek Blanton, proceeding pro se, brings this action pursuant to 42 U.S.C.

§ 1983 against the City of New York, the "7th Precinct N.Y.P.D.," the "9th Precinct N.Y.P.D."

(the "City Defendants"), and "Sergio's Hair Studio."  The City Defendants and an individual

purporting to act on behalf of Sergio's Hair Studio have moved to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

        We note as an initial matter that neither the complaint nor any other papers filed by

Blanton indicate the legal status of Sergio's Hair Studio.  An individual named Sergey Alishayev

filed an Answer and motion to dismiss on its behalf.  He too does not state the legal status of this

entity or his relationship to it.  While normally a non-attorney may not appear on behalf of other

persons or entities, see, e.g., United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2d

Cir. 2008), it is not necessary to address that issue now.  The basis for dismissing the complaint

is apparent on its face, and the Court has power to dismiss a complaint sua sponte as long as

notice and an opportunity to be heard is given.  See, e.g., Wachtler v. Cnty. of Herkimer, 35 F.3d

77, 82 (2d Cir. 1994).  Moreover, because plaintiff is proceeding in forma pauperis, dismissal

without notice is permitted under 28 U.S.C. § 1915(e)(2)(B)(ii).  In this case, plaintiff has been

put on notice of the potential for dismissal both by Alishayev's filing and by this Report and

Recommendation.  See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (report and

recommendation sufficient to satisfy notice requirement for sua sponte dismissal).  Accordingly,

we consider the viability of the complaint as to all defendants.

I.      BACKGROUND

        A.      Facts

        The following facts are alleged in Blanton's submissions and are assumed to be true for

the purposes of this motion.

        On August 2, 2011, in the "late morning or early afternoon," Blanton was on his way to a

store when he began experiencing adverse effects from a medication he had taken.  See

Complaint under the Civil Rights Act, 42 U.S.C. § 1983, filed Jan. 31, 2012 (Docket # 2)

("Compl."), ¶ II.D.  He stopped at the corner of First Avenue and Third Street in Manhattan, id.

¶ II.A, and sat on a bench on the sidewalk in front of Sergio's Hair Studio, a hair salon, to rest.

Id. ¶ II.D.  An employee of the hair salon came out of the salon and told Blanton to "keep it

moving."  Id.  Blanton informed the employee that he would leave after a few minutes.  Id.  The

employee then reemerged from the store with a "long crane . . . that you close the shop up with

at night."  Id.  Two employees then attacked Blanton, and at some point, a third party joined in.

Id.  Blanton was struck with the "rod" in the head, then in the hand.  Id.  Blanton attempted to

defend himself.  Id.

        During the attack, Blanton noticed that several police officers nearby were observing the

attack.  Id.  Blanton heard the officers laughing and making jokes "that they didn't know I could

defend myself like that."  Id.  One officer intervened while Blanton was being attacked.  See

2

Letter to the Honorable Judge Gabriel W. Gorenstein from Derek Blanton, filed Aug. 23, 2012 ("Letter Amending Complaint") (annexed to Order, dated Aug. 24, 2012 (Docket # 21)).  When this officer intervened, one of the assailants stopped attacking Blanton and told the officer that Blanton had stolen something out of his shop.  Id.

Following the incident, an ambulance arrived.  Compl. ¶ II.D.  At that point, an individual who had witnessed the attack told the cops "it was unfair how [Blanton] got attack[ed]."  Id.  Blanton was then taken to the hospital.  Id.  Blanton annexes to his complaint treatment records from his hospital visit after the attack.  Id. at 8–11.

B.    Procedural History

Blanton filed his complaint on January 31, 2012.  See Compl.  On August 16, 2012, the City Defendants moved to dismiss the complaint.[1]  On August 21, 2012, Blanton wrote a letter to the Court in which he alleged additional facts (included in the narrative above) and referred to his inability to "afford the mailing cost to amend the complaint."  See Letter Amending Complaint.  On August 24, 2012, the Court issued an order construing the letter as a cross-motion to amend the complaint, and giving Blanton until September 17, 2012 to make any additional response to the City Defendants' motion.  See Order, dated Aug. 24, 2012 (Docket # 21).  On September 10, 2012, Blanton filed an opposition to the City Defendants' motion to dismiss.[2]  On October 5, 2012, the City Defendants filed reply papers in further support of their

---

[1]  See Notice of Motion, filed Aug. 16, 2012 (Docket # 18); Declaration of Carolyn K. Depoian, filed Aug. 16, 2012 (Docket # 19); Memorandum of Law in Support of Defendant[s'] Motion to Dismiss the Complaint, filed Aug. 16, 2012 (Docket # 20).

[2]  See Notice of Motion, Affirmation in Support of Motion, Affirmation of Service, Affirmation in Opposition to Motion, Reply Affirmation in Support of Motion, filed Sept. 10, 2012 (Docket # 26) ("Sept. 10 Motion Papers").

3

motion to dismiss.[3]

On October 15, 2012, Sergey Alishayev filed an answer to the complaint on behalf of Sergio's Hair Studio, disputing the facts as alleged by Blanton.  See Answer, filed Oct. 15, 2012 (Docket # 29).  Also on October 15, 2012, he filed a notice of appearance.  See Notice of Appearance, filed Oct. 15, 2012 (Docket # 31).  On October 17, 2012, Alishayev filed a motion to dismiss.[4]  Blanton has not responded to this motion.

II.     STANDARD OF REVIEW

A party may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the opposing party's pleading "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  While a court must accept as true all of the allegations contained in a complaint, that principle does not apply to legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

---

[3]  See Defendant[s'] Reply Memorandum in Further Support of It's [sic] Motion to Dismiss the Complaint and in Opposition to Plaintiff's Cross-Motion to Amend the Complaint, filed Oct. 5, 2012 (Docket # 27) ("Def. Reply Mem."); Reply Declaration of Carolyn K. Depoian in Further Support of Defendant[s'] Motion to Dismiss and in Opposition to Plaintiff's Cross-Motion, filed Oct. 5, 2012 (Docket # 28) ("Reply Decl.").

Blanton served the City Defendants with papers in opposition to the City Defendants' motion to dismiss that are different from those that he filed with the Court.  See Def. Reply Mem. at 1. The City Defendants included both sets of these papers in their reply to Blanton's opposition.  See Notice of Motion, dated Aug. 27, 2012; Affirmation in Support of Motion, dated Aug. 27, 2012; Affirmation in Opposition to Motion, dated Aug. 27, 2012; Reply Affirmation in Support of Motion, dated Aug. 27, 2012; Affirmation of Service, dated Aug. 27, 2012 (annexed as Ex. B to Reply Decl.) ("Aug. 27 Motion Papers"); Sept. 10 Motion Papers (annexed as Ex. C to Reply Decl.).  In light of Blanton's pro se status and because the difference between these two sets of papers is insignificant, the Court will consider the contents of both sets of documents.

[4]  See Notice of Motion – Motion of Dismiss, Affirmation in Support of Motion, Affirmation of Service, filed Oct. 17, 2012 (Docket # 30).

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do.")
(citation, internal quotation marks, and brackets omitted).  In other words, "[t]hreadbare recitals
of the elements of a cause of action, supported by mere conclusory statements, do not suffice,"
Iqbal, 556 U.S. at 678, and thus a court's first task is to disregard any conclusory statements in a
complaint, id. at 679.

      Next, a court must determine if a complaint contains "sufficient factual matter" which, if
accepted as true, states a claim that is "plausible on its face."  Id. at 678 (citation and internal
quotation marks omitted); accord Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117,
121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the
conclusion that the defendant violated the law, but which actively and plausibly suggest that
conclusion.").  "A claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more
than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citations
and internal quotation marks omitted).  "[W]here the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct," a complaint is insufficient under Fed. R.
Civ. P. 8(a) because it has merely "alleged" but not "'show[n]' – 'that the pleader is entitled to
relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

      In the case of pro se plaintiffs, "[a] document filed pro se is to be liberally construed, and
a pro se complaint, however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and
internal quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.
1999) (a pro se party's pleadings should be construed liberally and interpreted "'to raise the

5

strongest arguments that they suggest'") (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)).

III.    <u>DISCUSSION</u>

        In light of Blanton's <u>pro se</u> status, we treat his claims against "7th Precient N.Y.P.D." and "9th Precient N.Y.P.D." as against the City of New York because "the N.Y.P.D. is a non-suable agency of the City."  <u>See</u> <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n.19 (2d Cir. 2007); N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").  We will also assume that Blanton would, if given leave to do so, amend the complaint to name the individual police officers described in the complaint.  We discuss the potential claims against the individual officers, the City of New York, and Sergio's Hair Studio separately.

        A.    <u>Claims Against Individual Officers</u>

        To state a claim under section 1983, Blanton must show that he was denied a constitutional or federal statutory right and that the deprivation of that right occurred under color of state law.  <u>See</u> 42 U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Section 1983 does not grant any substantive rights but rather "provides only a procedure for redress for the deprivation of rights established elsewhere," such as in the Constitution or a federal statute. <u>Sykes v. James</u>, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), <u>cert. denied</u>, 512 U.S. 1240 (1994).

        Blanton asserts that the officers acted in a "constitutionally impermiss[i]ble" manner when they watched and laughed as Blanton was being attacked.  <u>See</u> Letter Amending Complaint.  It is well settled, however, that no constitutional violation occurs when an officer

6

fails to protect an individual from violence involving a private citizen.  See DeShaney v.

Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195–97 (1989) ("[N]othing in the language

of the Due Process Clause itself requires the State to protect the life, liberty, and property of its

citizens against invasion by private actors."); accord Matican v. City of New York, 524 F.3d

151, 157 (2d Cir.) ("[A]llegations that the defendant officers merely stood by and did nothing [to

protect plaintiff] are insufficient to state a constitutional violation.") (internal quotation marks

and citation omitted),cert. denied, 555 U.S. 1047 (2008).  There are two exceptions to this rule:

(1) where a "special relationship" exists between the government and the individual and 2)

where there is a state-created danger to the individual.  See Matican, 524 F.3d at 155.  But

neither exception applies here.  Blanton has alleged no facts showing that a special relationship

existed between him and the government that would have required the officers to intervene.  Nor

is there a suggestion of any state-created danger.  If anything, Blanton suggests the opposite: that

the attack ceased once the officer responded.  See Letter Amending Complaint ("One of the

ass[a]ilants who stop[ped] attacking me when the officer got between us said I stole something

out of his shop.").  Accordingly, the complaint does not allege a constitutional violation by the

officers.  See, e.g., Jones v. Reynolds, 438 F.3d 685, 691–98 (6th Cir. 2006) (no constitutional

violation when officers observed, and failed to prevent, drag race which resulted in the death of

onlooker); Johnson v. City of Seattle, 385 F. Supp. 2d 1091, 1096–1100 (W.D. Wash. 2005) (no

constitutional violation when officers observed rioting at a public place and failed to intervene

while plaintiff was attacked).

 Throughout his submissions, Blanton states that the officers involved were "negligent."

Compl. ¶ V; Sept. 10 Motion Papers at 2, 4, 5; Aug. 27 Motion Papers at 3.  However, section

1983 requires a constitutional violation for the imposition of liability, and does not impose

liability for "violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S.
137, 146 (1979).

       B.     Claims Against the City of New York

Any claim against the City of New York must fail because the City cannot be held
vicariously liable for the acts of individual police officers.  Monell v. Dep't of Soc. Servs., 436
U.S. 658, 693–95 (1978); accord Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008), cert.
denied, 130 S. Ct. 95 (2009); Plair v. City of New York, 789 F. Supp. 2d 459, 468 (S.D.N.Y.
2011).  "Rather, a plaintiff must establish both a violation of his or her constitutional rights and
that the violation was caused by a municipal policy or custom; that is, that the policy or custom
was the actual 'moving force' behind the alleged wrongs."  Jouthe v. City of New York, 2009
WL 701110, at *7 (E.D.N.Y. Mar. 10, 2009) (citing Monell, 436 U.S. at 694–95; Bd. of Cnty.
Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997)).

As noted in the previous section, Blanton has not shown a violation of his own
constitutional rights.  Thus any claim against the City must fail for this reason alone.  See, e.g.,
City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("[None] of our cases authorize[] the
award of damages against a municipal corporation based on the actions of one of its officers . . . .
[i]f a person has suffered no constitutional injury"); Segal v. City of N.Y., 459 F.3d 207, 219 (2d
Cir. 2006) (where "district court properly found no underlying constitutional violation," it was
not necessary to consider claims of municipal liability under Monell); Levy v. Alfano, 47
F. Supp. 2d 488, 498 (S.D.N.Y.1999) ("It is well settled that a municipality may not be held
liable where there is no underlying constitutional violation by a municipal official.").

In any event, there are no allegations suggesting that the wrongs Blanton suffered were
caused by a municipal policy or custom.  Both the original complaint and the amended

complaint are devoid of any mention of a policy or custom, and none of the factual allegations made by Blanton can be construed as alleging a policy or custom.[5]

     C.    <u>Claims Against Sergio's Hair Studio</u>

     Blanton's claim against Sergio's Hair Studio, a private entity, should also be dismissed because section 1983 applies only to state actors.  <u>See</u> <u>Ciambriello v. Cnty. of Nassau</u>, 292 F.3d 307, 323 (2d Cir. 2002) ("a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").  Nor can the case proceed as a state law tort claim because Blanton has not shown that his case satisfies the requirements of diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332.  Moreover, because the federal claims are being dismissed, any state law claims would properly be dismissed as well.  <u>See</u> <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>Brzak v. United Nations</u>, 597 F.3d 107, 113–14 (2d Cir.), <u>cert.</u> <u>denied</u>, 131 S. Ct. 151 (2010).

IV.    <u>CONCLUSION</u>

     For the foregoing reasons, the City Defendants' motion to dismiss (Docket # 18) and Sergio's Hair Studio's motion to dismiss (Docket # 30) should be granted and the complaint dismissed in its entirety.[6]

---

   [5]  Blanton alleges in his opposition to the defendants' motion to dismiss that the case should not be dismissed because of "missing links in [their] investigation."  Aug. 27 Motion Papers at 3.  However, any failure to investigate the incident after the fact would not cure the defects in Blanton's constitutional claim.

   [6]  Leave to replead should not be granted inasmuch as the defects in the complaint are not grounded in inartful pleading but rather are so fundamental that repleading would be "futile." <u>O'Hara v. Weeks Marine, Inc.</u>, 294 F.3d 55, 69 (2d Cir. 2002).  Plaintiff set forth his version of the events in the original complaint and had the opportunity to amend his complaint when he sent his letter adding new facts in response to the defendants' motion to dismiss.  Thus, granting leave to replead would constitute a third opportunity to set forth a factual narrative and would

## <u>PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Batts.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  December 20, 2012
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

inevitably "invite [plaintiff] to offer a new narrative, not to furnish details that could salvage the original one."  <u>See, e.g.</u>, <u>Hill v. Philip Morris USA,</u> 2004 WL 1065548, at *7 (S.D.N.Y. May 11, 2004) (denying leave to replead where none of the allegations showed state action).

10

Copies sent to:

Derek Blanton
12A0188
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051
.

Attorneys by ECF

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days including weekends and holidays from service of

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a),

(b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the

Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street,

New York, New York 10007.  Any request for an extension of time to file objections must be

directed to Judge Batts.  If a party fails to file timely objections, that party will not be permitted

to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474

U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 20, 2012
       New York, New York


GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

inevitably "invite [plaintiff] to offer a new narrative, not to furnish details that could salvage the
original one." See, e.g., Hill v. Philip Morris USA, 2004 WL 1065548, at *7 (S.D.N.Y. May 11,
2004) (denying leave to replead where none of the allegations showed state action).

10